THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.:_____

| | |
|---|---|
| JENNIFER U. DUNSTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BROCK & SCOTT, PLLC, and )<br>BULLHEAD INVESTMENTS, LLC )<br>)<br>Defendants. )<br>) | **VERIFIED COMPLAINT** |

Plaintiff, through counsel, hereby alleges as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. Jurisdiction of this Court over the state law claims alleged herein arises under 28 U.S.C. § 1367.

3. This action arises out of Defendants' and their agents' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and North Carolina law in their illegal efforts to collect an alleged consumer debt from Plaintiff.

4. This case is brought within one year of the violations in compliance with the statute of limitations contained in 15 U.S.C. § 1692k(d).

## VENUE

1

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of North Carolina because the events giving rise to this claim occurred here and Defendants transact business here.

**PARTIES**

6. Plaintiff Jennifer U. Dunston is a natural person who resides in the city of Rockville, Maryland, and is a "consumer" and/or a person affected by a violation of the FDCPA under 15 U.S.C. §§ 1692a(3) and 1692k.

7. Plaintiff is also a "consumer" as defined by the North Carolina Debt Collection Act (hereinafter, "NCDCA"), N.C. Gen. Stat. § 75-50(2).

8. Defendant Brock & Scott, PLLC (hereinafter "B&S") is a professional limited liability company and a debt collection law firm operating from an address of 1315 Westbrook Plaza, Winston-Salem, NC 27103.

9. B&S engages in the collection of consumer debts using the mail, telephone, and/or the North Carolina state court system.

10. B&S regularly practices in the field of consumer debt collection and regularly attempts to collect consumer debts alleged to be due to another.

11. B&S is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Upon information and belief, Defendant Bullhead Investments, LLC. (hereinafter "Bullhead") is a domestic limited liability company and a debt collector operating from an address of 1315 Westbrook Plaza, Winston-Salem, NC 27103.

13. Bullhead's Managers and/or Organizers are North Carolina licensed attorneys Thomas E. Brock and Gregory A. Scott.

14. Thomas Brock is the also the Manager of Defendant Brock & Scott, PLLC.

15. Gregory A. Scott is a founding partner of B&S.

16. Upon information and belief, Defendants both operate out of the same physical office location.

17. Bullhead is engaged in the collection of consumer debts using the mail, telephone, and/or the North Carolina state court system.

18. Bullhead is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19. Bullhead is a "debt collector" as defined by the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50(3).

## FACTUAL ALLEGATIONS

20. Defendant Bullhead filed a debt collection lawsuit against Ms. Dunston in Wake County District Court on or about June 26, 2009, in a case captioned Bullhead Investments, LLC v. Jennifer U. Dunston, Case Number 09 CV 12648.

21. Upon information and belief, Defendant Bullhead does not have a license to collect debts in the State of North Carolina.

22. The alleged debt underlying the State Action is a consumer debt as that term is defined by 15 U.S.C. § 1692a(5).

23. The alleged debt underlying the State Action is a "debt" as defined by N.C. Gen. Stat. § 75-50(2).

24. The alleged debt underlying the State Action was a credit card account originally issued by Bank of America (hereinafter, "the Account").

25. The Complaint in the State Action did not allege the date on which Ms. Dunston last made a payment on the Account.

26. The Complaint states that Ms. Dunston owed the alleged balance "from October 30, 2006" (Exhibit A, ¶¶ 3, 6, the Prayer for Relief, and the Affidavit of Defaulted Account).

27. Ms. Dunston made her last payment on the alleged debt underlying the State Action prior to June, 2006.

28. In or around February, 2009, B&S received and reviewed Ms. Dunston's credit account through Transunion.

29. Upon information and belief, at the time that B&S reviewed the Transunion credit report in February, 2009, the Bank of America account was reported in substantially the same manner as it is in the February 2010 Report attached as Exhibit A.

30. Upon information and belief, when Defendants filed the State Action on June 26, 2009 to collect the underlying debt they knew or should have known that the Statute of Limitations for the claim had expired.

31. Upon information and belief, Defendant Bullhead's actions are part of a pattern and practice of similar behavior, in which debt collection lawsuits are filed against North Carolina consumers on time-barred consumer debts.

32. Upon information and belief, Defendant B&S's actions are part of a pattern and practice of similar behavior, in which debt collection lawsuits are filed against North Carolina consumers on time-barred consumer debts.

33. Plaintiff first learned of this lawsuit in or around January, 2010, when the Franklin County Sheriff attempted to serve the Summons and Complaint at the Franklin County address.

34. At the time of this alleged service, Plaintiff had been a citizen and resident of the State of Maryland, and had been since on or about October, 2009.

35. On or about March 9, 2010 Plaintiff, through the undersigned, filed an Answer in the State Action.

36. On or about March 10, 2010, Defendants dismissed the State Court Action, with prejudice.

### Respondeat Superior

37. Defendant B&S committed its above-alleged acts and omissions within the scope its agency relationship with its principal and client, Defendant Bullhead.

38. The acts and omissions by Defendant B&S and its agents or employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Bullhead in collecting consumer debts.

39. By committing these acts and omissions against Plaintiff, Defendant B&S and its agents or employees intended to and did benefit its principal, Defendant Bullhead.

40. Defendant Bullhead is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions of its collection employees or agents.

41. Defendants' illegal collection efforts were highly upsetting to Plaintiff, causing her to suffer anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment, and has caused her to incur additional actual damages in the form of legal fees to defend the time-barred State Action.

42. Defendants' actions violated numerous and multiple provisions of the FDCPA and NCDCA.

## TRIAL BY JURY

43. Ms. Dunston is entitled to and hereby respectfully requests a trial by jury on all issues so triable. U.S. Const. amend. 7, Fed. R. Civ. P. 38.

## FIRST CLAIM FOR RELIEF
### (Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*)

44. Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

45. Defendants violated the Fair Debt Collection Practices Act by filing a lawsuit on a time-barred consumer debt.

46. The filing of this time-barred lawsuit is an unconscionable and unfair means of collecting an alleged debt, in violation of 15 U.S.C. § 1692f.

47. The filing of this time-barred lawsuit is a deceptive representation in connection with the collection of alleged debt, in violation of 15 U.S.C. 1692e and 1692e(10).

48. As a result of Defendants' actions or omissions, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CLAIM FOR RELIEF
### (North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50, *et seq.* Against Defendant Bullhead Investments, LLC)

49. Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

50. Defendant Bullhead debt collection activities were in or affecting commerce in the State of North Carolina.

51. The filing of the time-barred State Action was an unconscionable and unfair means of collecting an alleged debt, in violation of N.C. Gen. Stat. § 75-55.

52. The filing of the time-barred State Action constituted a false representation of the character and legal status of the alleged debt, in violation of N.C. Gen. Stat. § 75-54(4).

53. Pursuant to N.C. Gen. Stat. § 75-56(a), Defendant's violation of the NCDCA constitutes a violation of the North Carolina Unfair Trade Practices Act, N.C. Gen. Stat § 75-1.1.

54. As a result of Defendant's actions or omissions, Plaintiff is entitled to recover actual damages pursuant to N.C. Gen. Stat. § 75-56, statutory damages in an amount not less than $500.00 but no greater than $4,000.00 for each violation pursuant to N.C. Gen. Stat. § 75-56(b), and attorney's fees and other costs pursuant to N.C. Gen. Stat. § 75-16.1.

### THIRD CLAIM FOR RELIEF
**(Punitive Damages - N.C. Gen. Stat. § 1D-1 *et seq.*)**

55. Plaintiff realleges all preceding paragraphs and incorporates them herein by reference.

56. Defendants' above-alleged statutory violations of the NCDCA were committed deliberately, intentionally, purposefully, maliciously, and otherwise in willful and wanton disregard for Plaintiff's rights.

57. Defendants' purchase of time-barred consumer debts and filing civil lawsuits to collect on the accounts is part of a pattern and practice of behavior.

58. As a result of Defendants' conduct, Plaintiff is entitled to the recovery of punitive damages pursuant to N.C. Gen. Stat. § 1D-1 et seq., in such an amount as is

7

Case 5:10-cv-00138-D   Document 1   Filed 04/08/10   Page 7 of 9

deemed sufficient to punish Defendants for their egregiously wrongful acts and to deter Defendants from engaging in such further conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

1. That the Court enter judgment in favor of Plaintiff against Defendants, jointly and severally:

    a. for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial;

    b. for statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. for costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. for punitive damages in an amount to be determined at trial.

2. That the Court enter judgment in favor of Plaintiff and against Defendant Bullhead Investments, LLC:

    a. for actual damages pursuant to N.C. Gen. Stat. § 75-56(b);

    b. for statutory damages of $4,000.00 for each violation of the NCDCA pursuant to N.C. Gen. Stat. 75-56(b).

    c. for costs of litigation and reasonable attorney's fees against both defendants, jointly and severally, pursuant to and N.C. Gen. Stat. § 75-56, as well as pre-judgment and post-judgment interest; and

    d. for punitive damages, pursuant to N.C. Gen. Stat. § 1D-1 et seq, in an amount to be determined at trial.

3. That this matter be tried by a jury; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted this the 8th day of April, 2010.

>  */s/ J. Matthew Norris*
>  J. Matthew Norris
>  Counsel for Plaintiff

The Norris Law Firm, PLLC
8601 Six Forks Road, Suite 400
Raleigh, North Carolina 27615
Phone: (919) 424-8386
Fax: (919) 585-5324
jmn@norris-law.com
N.C. State Bar No. 37206